UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TASHARA WILLIAMS (as an individual and on the behalf of similarly situated persons),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANZAS CORPORATION d/b/a DHL GLOBAL FORWARDING,<br><br>　　　　Defendant. | Case: 1:24-cv-01286<br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Tashara Williams ("Plaintiff") as an individual and on the behalf of similarly situated persons, by and through the undersigned counsel, hereby files this Complaint against Danzas Corporation d/b/a DHL Global Forwarding ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendant did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et. seq*.

4. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. § 1367.

**PARTIES**

6. At all times material to the allegations of this Complaint, Plaintiff, Tashara Williams resided in Peoria County in the State of Illinois.

7. At all times material to the allegations in this Complaint, Defendant, Danzas Corporation d/b/a DHL Global Forwarding was a corporation doing business in and for Peoria County with their address as 4501 N Sterling Avenue Suite 300, Peoria, Illinois 61615.

**GENERAL FACTUAL ALLEGATIONS**

8. Plaintiff was employed by Defendant as a straight lane analyst (a non-exempt employee) beginning on June 6, 2022, until Plaintiff's constructive discharge on or around July 10, 2024.

9. Plaintiff's job duties included, but are not limited to, the following: following up with dealers, communicating and holding meetings, and setting up computers/equipment.

10. Plaintiff performed a specific job which was an integral part of the business of Defendants.

11. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(d),

and the IMWL, 820 ILCS 105/3(d).

12. Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

13. Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14. Defendant is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

15. Plaintiff routinely worked over forty (40) hours or more in a work week but Defendants just paid 80 hours on each paycheck regardless of Plaintiff working more than 80 hours in the bi-weekly pay period, regularly working ninety (90) to one hundred (100) hours in a pay period.

16. For example, Employees were told they could clock in 15 minutes early to set up computers and equipment.

17. However, this additional 15 minutes, prior to their 8-hour work day, was not paid out in accordance with overtime ("OT") standards of a rate of one and one-half times their regular rate of pay.

18. Plaintiff routinely clocked in 15 minutes early for three (3) months but was not paid OT for the additional time.

19. In all work-weeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and

3

one-half times their regular rate of pay.

20. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

21. Not only did Defendants fail to pay Plaintiff time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours within a work week during one or more weeks of employment, but Defendants failed to pay Plaintiff her raise for the first of the year with Defendant.

22. As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid overtime.

23. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## §206(a) COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff asserts Plaintiff's Count I under the FLSA, pursuant to 29 §206(a) on behalf of Plaintiff and on behalf of all similarly situated employees currently and formerly employed by Defendant.

25. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **206(a) Class: All current and former non-exempt non-salaried employees of Danzas Corporation d/b/a DHL Global Forwarding who were not compensated at least minimum wages for all hours worked.**

26. All potential §206(a) Class Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from

the same policies of Defendant; they were not paid minimum wage for all hours worked.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff asserts Plaintiff's Count I and Count II claims, pursuant to 29 § 216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

28. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Danzas Corporation d/b/a DHL Global Forwarding who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

29. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
### Violation of the Fair Labor Standards Act – Failure to Pay Overtime
### (Plaintiff on Plaintiff's own behalf and on behalf of all similarly-situated employees)

30. Plaintiff hereby repeats and incorporates paragraphs 1-29 as if set forth fully herein.

31. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

32. During the course of Plaintiff's employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Plaintiff and all other similarly situated employees were directed by Defendants to

5

work, and did work, well in excess of forty (40) hours per week in one or more individual workweeks.

34. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

35. Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## COUNT II
### Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime
(Plaintiff on Plaintiff's own behalf and on behalf of all similarly-situated employees)

37. Plaintiff hereby repeats and incorporates paragraphs 1-29 as if set forth fully herein.

38. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

39. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

40. Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

41. Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-

half times Plaintiff's normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendant as follows:

a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

b. Liquidated damages in an amount equal to the amount of compensation found due;

c. Reasonable attorneys' fees and costs incurred in filing this action; and

d. For such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

    Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 16th day of August 2024.

                                                    /s/ *Chad W. Eisenback*
                                                    **CHAD W. EISENBACK, ESQ.**
                                                    IL Bar No.: 6340657
                                                    **SULAIMAN LAW GROUP LTD.**
                                                    2500 S. Highland Avenue, Suite 200
                                                    Lombard, Illinois 60148
                                                    Phone (331)307-7632
                                                    Fax (630) 575 - 8188
                                                    ceisenback@sulaimanlaw.com
                                                    *Attorney for Plaintiff*